# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DA'QUANE DUANE FAULK, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 15-1472 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| TREVOR WINGARD, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) ) ) ) Re: ECF Nos. 3 and 19 |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM OPINION

Da'Quane Duane Faulk ("Petitioner"), has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 3. At the time of the initiation of the Petition, i.e., November 2015, Petitioner was incarcerated. During the pendency of the Petition, he completed his sentence and was released from all confinement in May, 2016. ECF No. 31. Because the Petition is time barred, as Respondents point out in their Motion to Dismiss, the Petition will be dismissed and a certificate of appealability will be denied.

## I. THE AEDPA STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[1]  Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
>    (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## II.  PROCEDURAL HISTORY

The Court adopts as its own the procedural history recounted by Respondents in the Motion to Dismiss as Petitioner does not appear to challenge that history and the history appears to be confirmed by the docket sheets of the Court of Common Pleas of Allegheny County.

On April 15, 2009, Petitioner was charged by criminal information filed in the Criminal Division of the Court of Common Pleas of Allegheny County at CP-02-CR-0003145-2009 with

---

[1] Although the AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable.  Furthermore, we apply the most generous interpretation of the limitations period, counting its start only from the time Petitioner's probation revocation sentence became final on October 26, 2013, i.e., the latest date that the AEDPA statute of limitations could have started running in this case. See, e. g., Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004) (AEDPA's statute of limitations is analyzed on a claim by claim basis).

2

fifteen offenses: one count of criminal attempt (homicide), one count of burglary, one count of robbery, two counts of aggravated assault, one count of carrying a firearm without a license, one count of possession of a firearm by a minor, seven counts of recklessly endangering another person, and one count of criminal conspiracy.

Prior to the filing of the criminal information, on April 7, 2009, Petitioner's counsel Candace G. Ragin, Esquire, filed a Motion to Transfer Petitioner's Case to Juvenile Court. ECF No. 19-2 at 24 – 33. The Trial Court denied the Motion to Transfer. ECF No. 19-2 at 34.

On August 2, 2010, Petitioner entered a guilty plea before Court of Common Pleas Judge Jeffrey A. Manning. See ECF No. 19-2 at 35 – 44. Before Petitioner pleaded guilty, several counts were withdrawn from the criminal information and one charge was changed to become a charge of discharge of a firearm into an occupied structure. Thus, Petitioner pleaded guilty to one count of burglary, one count of discharge of a firearm into an occupied structure, one count of possession of a firearm by a minor, and one count of recklessly endangering another person. Petitioner was then sentenced at the burglary count to a minimum term of 11 months 29 days and a maximum term of 1 year 11 months and 29 days, followed by three years of probation. Petitioner was sentenced at the discharge of a firearm into an occupied structure count to a minimum term of 11 months 29 days and a maximum term of 1 year 11 months and 29 days, followed by three years of probation. The sentences at these two counts were to be run concurrently to each other and Petitioner received no further penalty at the remaining two counts. ECF No. 19-3 at 1 – 2.

On November 2, 2012, following a probation violation, Petitioner was resentenced at the burglary count to three years of intermediate punishment. At the robbery count, the Court

sentenced Petitioner to 353 days of incarceration. No further penalty was imposed at any other counts. ECF No. 19-3 at 3 – 4.

On September 26, 2013, following another probation violation, Petitioner was resentenced at the burglary count to 18-36 months of incarceration. No further penalty was imposed at any other counts. ECF No. 19-3 at 5 – 6.

On January 26, 2015, Petitioner filed a pro se Petition for relief under the Post-Conviction Relief Act ("PCRA"). On February 27, 2015, Ryan James, Esquire, entered his appearance on behalf of Petitioner. On May 1, 2015, Attorney James filed a Motion to Withdraw as counsel and a Turner-Finley no-merit letter in support of the motion to withdraw. ECF No. 19-3 at 11 – 22.

On November 10, 2015, Petitioner initiated the present Petition in this Court by filing a Motion for Leave to Proceed in Forma Pauperis to prosecute the Petition. The Motion was granted. The Petition was filed, ECF No. 3, as was a Brief in Support. ECF No. 4. Petitioner also filed a Supplement to his Petition, wherein he clarified what remedies he was seeking. ECF No. 10. After being granted an extension of time, Respondents filed a Motion to Dismiss the Petition, pointing out that the Petition was untimely filed. ECF No. 19. Petitioner was ordered to file a Response to the Motion to Dismiss by March 2, 2016. ECF No. 20. Because Petitioner filed a Notice of Change of Address, ECF No. 21, the Court *sua sponte* granted him an extension of time to file his Response until March 31, 2016. ECF No. 22. Petitioner never filed a response to the Motion to Dismiss. However on March 8, 2016, Petitioner filed a Motion for Transcripts, ECF No. 23, which the Court denied. ECF No. 24.

In the meantime, on November 17, 2015, Judge Jeffrey Manning of the Court of Common Pleas of Allegheny County issued an Order granting counsel's Motion to Withdraw and also a Notice of Intent to Dismiss Petitioner's PCRA Petition. ECF No. 19-3 at 32 – 33.

Because of the pendency of the PCRA petition in State Court, this Court ordered the Petition to be stayed pending the outcome of the PCRA proceedings including any appeal to the Superior Court of Pennsylvania. ECF No. 26.

On May 5, 2016, the Court of Common Pleas of Allegheny County dismissed the Petitioner's PCRA Petition. This Court took judicial notice of the fact that Petitioner did not file an appeal from the May 5, 2016 Order dismissing his PCRA petition.[2] ECF No. 33 at 4. Accordingly, because Petitioner's PCRA Petition was no longer pending, this Court ordered the stay to be lifted. Id. In that same Order lifting the stay, the Court ordered Petitioner to file by September 10, 2016, a response to Respondents' Motion to Dismiss. Id. Petitioner again failed to file a response to the Motion to Dismiss.

All parties have consented to have the United States Magistrate Judge exercise plenary jurisdiction. ECF Nos. 8 and 16.

---

[2] The dockets of Petitioner's conviction and revocation violations are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0003145-2009

(site last visited 10/3/2016).

## III. DISCUSSION

### A. The Petition is Time-Barred.

For present purposes, it appears that Petitioner's conviction became final on October 26, 2013, which is thirty days (i.e., the time permitted under state law to take an appeal) after September 26, 2013, the date on which the Court of Common Pleas imposed the probation violation sentence of 18-36 months of incarceration at the burglary count on Petitioner and where he failed to file any appeal thereafter. McConnell v. Thompson, Civ. A. No. 14–747, 2014 WL 4348173 (W.D. Pa. Sept. 2, 2014). See also Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999). Petitioner is not deemed, pursuant to the prisoner mail box rule, to have filed the Petition with this Court until, at the earliest, November 3, 2015, i.e., the date on which he signed his Motion for Leave to Proceed In Forma Pauperis. ECF No. 1 at 1. Hence, absent any tolling, the Petition is clearly time-barred as a total of 738 days passed between October 26, 2013 (the date on which his probation revocation sentence became final) and November 3, 2015 or 373 days beyond the one year statute of limitations.

While it is true that a properly filed post conviction or collateral petition that was filed and/or pending would have tolled the running of the AEDPA's limitations period,[3] Petitioner's first and only PCRA petition was only filed on January 26, 2015 but it was found to be untimely filed under state law because it was not filed within one year of his most recent judgment of sentence becoming final, i.e., within one year of October 26, 2013 (the date his probation was

---
[3] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

revoked and he was sentenced to a period of imprisonment).   Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)("Under 28 U.S.C. § 2244(d)(2), 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted' toward the one-year limitations period. However, Cordle's motion for a new trial was not filed until November 11, 2000, several years after her AEDPA limitations period had already expired. 'Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired.'").  Hence, the Petition in this Court is untimely filed.

We note that Petitioner did not file a response to the Motion to Dismiss as directed to do. ECF Nos. 20, 22 and 33.  Hence, we have no argument from Petitioner as to any other reason that the Petition might be timely filed and, consequently, Petitioner fails to carry his burden to show that there is some reason to toll the AEDPA statute of limitations.  Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, at *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling.");  Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999) ("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

**B.  The Grounds Are Procedurally Defaulted**

In the alternative, given that Petitioner did not raise any of the grounds for relief in a direct appeal, which he did not file, or in an appeal of the PCRA court's order dismissing his PCRA Petition, which he also did not file, we find that Petitioner has procedurally defaulted any

and all grounds for relief. Because he does not show, and because the record does not reveal any cause and prejudice or a miscarriage of justice for the procedural defaults, the Petition should be dismissed on this independent alternative ground as well. See, e.g., Karnes v. Patrick, No. CIV A 08-495, 2009 WL 1026342, at *1 (W.D. Pa. April 15, 2009) ("Petitioner has procedurally defaulted all of his claims based upon his failure to file a direct appeal to the Superior Court from his conviction and sentence, and upon his failure to file an appeal to the Superior Court from the denial of his first PCRA petition").

### C. Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker, 230 F.3d at 90. The test is

conjunctive and both prongs must be met.  See id.  Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of the Petition based upon it being time-barred or procedurally defaulted was correct.  Accordingly, a certificate of appealability is denied.

### III. CONCLUSION

For the reasons set forth herein, the Motion to Dismiss, ECF No. 19, is GRANTED and the Petition is dismissed and a certificate of appealability is denied.

BY THE COURT,

Date:  October 3, 2016

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: DA'QUANE DUANE FAULK
1321 Swissvale Ave., Apt. 2
Pittsburgh, PA 15221

All counsel of record via CM/ECF